No. 2236.—ROBERT H. DIXEY *v.* PETER C. MANDELL—R. KING CUTLER, Warrantor.

A judicial sale of real property to satisfy a mortgage, under executory process issued from a competent court, which is clothed with all the forms and requirements of law, can not be regarded and treated as an absolute nullity. In a proceeding to annul and set aside a sale of the kind, all the parties interested in the sale and transfer must be made parties to the suit. In such a proceeding, if the purchaser is not made a party, the suit will be dismissed on that account.

In a petitory action the plaintiff must make good his title, otherwise he can not recover.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J. *D. C. Labatt*, for plaintiff and appellee. *Hornor & Benedict*, for defendant and appellant. *E. Filleul*, for warrantor.

TALIAFERRO, J. On the thirteenth of January, 1862, Dixey, the plaintiff, bought a lot or square of ground in the parish of Jefferson at the price of $14,966 66. He paid part of the price in cash and executed two promissory notes, each for $4216 66, payable respectively on the thirteenth of January, in the years 1863 and 1864, and secured their payment by special mortgage on the property Salvant, as owner and holder of the note last falling due, applied to the judge of the Second Judicial District of the parish of Jefferson on the second of February, 1864, and obtained an order of seizure and sale of the mortgaged premises, and after the usual proceedings the property was sold by the sheriff on the twentieth of April following and adjudicated to R. King Cutler, the last and highest bidder. In October, 1866, Cutler sold the property to Mandell, the present defendant. This suit

is brought by Dixey to annul the sale made under the order of the judge of the Second Judicial District of the parish of Jefferson and to recover the property, with fruits, revenues, etc., and for damages. He alleges that the sale of the property is null and void for various reasons. He avers that the Second Judicial District 'Court of Jefferson, at the time of the rendition of the order, was without jurisdiction over the subject matter; that foreclosures of mortgages were forbidden at that time by a military order of the commander of the Department of the Gulf; that the proceedings were otherwise defective and null; that he was never cited or served with notice of seizure or with any other notice of any kind of the proceedings taken against him; that the sheriff's return showing personal service of citation is untrue; that the proceeding gotten up against him is fraudulent and intended to injure him and to deprive him unjustly of his property.

The answer is a general denial. The defendant called his warrantor, Cutler, in warranty. The warrantor avers that he acquired a legal title to the property by virtue of the sheriff's sale. Excepts to the petition of the plaintiff as attacking collaterally and indirectly the sheriff's deed. Especially avers that the plaintiff has failed to refund the price received by the sheriff and applied to the payment of the plaintiff's debt.

The case was tried twice in the court below with the same result, that of the rendition of judgment in favor of the plaintiff, recognizing him as the proper owner of the lot of ground in controversy, reserving to the defendant the right to recover from his warrantor the purchase money paid him, with all interests, damages and costs incurred by the eviction. The judgment also decreed that all valid mortgages that existed against the property on the twentieth April, 1864, in the name of the plaintiff, be recognized as still in force in the order in which they stood at that date, unless since paid and discharged by him.

From this judgment the defendant has appealed.

Taken as an action to annul, all the parties required in such a proceeding are not before the court. Salvant, the purchaser of the property, was not cited and does not appear in the proceedings as a party. The plaintiff has not succeeded in making out such a title as enables him to recover in a petitory action. The sale of the property, under an order issued by the judge of the Second Judicial District, can not be regarded as an absolute nullity. The prohibition of sales under foreclosures of mortgages by the military order of February 8, 1863, would seem scarcely to apply to property of the kind in this controversy. At all events, it is shown that permits were frequently granted by the commanding general for the execution of orders of sale rendered by the courts, and the evidence seems to establish that such a permit was obtained in this case. We think the sale, clothed as it is

with the sanction of judicial authority, can not be attacked collaterally. 19 An. 69; 21 An. 420; 23 An. —

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant, the plaintiff and appellee paying costs in both courts.